IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| WILLIAM G. BRADDUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: |
| ) | |
| FARMERS INSURANCE COMPANY, INC. ) | |
| ) | Division No.: |
| **Serve:** CSC- Lawyers Incorporating Service ) | |
| Company, Registered Agent ) | |
| 221 Bolivar Street ) | |
| Jefferson City, Missouri 65101, ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW Plaintiff, William Braddum, through counsel, and for his claim against Defendant Farmers Insurance Company, Inc., states:

## COMMON ALLEGATIONS

1. Plaintiff was a resident of the State of Missouri at the time he entered into his insurance agreement with Defendant.

2. Defendant Farmers Insurance Company, Inc. (hereinafter "Farmers") at all relevant times herein, was and is a corporation doing business in the State of Missouri. Defendant Farmers conducts systematic and routine business in the State of Missouri, including St. Louis City, and is subject to the long arm statutes of Missouri.

3. This cause of action arises out of a motor vehicle accident that occurred at or near the exit ramp of Missouri 370 and Missouri Bottom Road on or about May 10, 2018.

4. On said date, Darrel Couch's vehicle rear-ended Plaintiff's vehicle, causing him to sustain serious injuries as described below.

5. The vehicle operated by Darrel Couch was at all times relevant hereto insured by State Farm Mutual Automobile Insurance Company, which provided, among other things, automobile liability bodily injury coverage which in whole or in part provided coverage, up to and including its policy limits of $25,000 per person in each accident, for bodily injury caused by the motor vehicle operated by Darrel Couch when said vehicle was negligently operated during the policy period.

6. On or about the above-described date and time, Darrel Couch was negligent in the operation of his motor vehicle in that he:

   a. Failed to keep a careful lookout;

   b. Was following Plaintiff's vehicle too closely;

   c. Was driving too fast for conditions; and

   d. Drove his motor vehicle into the rear of Plaintiff's vehicle.

7. As a direct and proximate result of Darrel Couch's negligent actions and omissions, as particularly set forth above, Plaintiff, has sustained severe, permanent and progressive injuries to his head/brain, back, neck, left shoulder, and right hip.

8. As a direct and proximate result of Darrel Couch's negligent actions and omissions, as particularly set forth above, Plaintiff has sustained medical expenses to date and will sustain additional medical expenses in the future.

9. As a direct and proximate result of Darrel Couch's negligent actions and omissions, as particularly set forth above, Plaintiff has sustained pain, suffering, and loss of enjoyment of life.

**COUNT I – BREACH OF CONTRACT**

COMES NOW Plaintiff, through counsel, and for his cause of action for Breach of Contract against Defendant Farmers Insurance Company, Inc. states:

10. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 9 of this Petition as if fully set out herein.

11. Plaintiff entered into negotiations with Darrel Couch's insurer, State Farm Mutual Automobile Insurance Company, and subsequently settled for $25,000, the bodily injury policy limits.

12. Plaintiff's damages exceed the $25,000 policy limits and settlement amount received from Darrel Couch's insurance provider.

13. On May 10, 2018, Plaintiff was a named insured under the terms of Defendant Farmer's Insurance Policy number 19301-10-65 (hereinafter "the policy) with effective dates of March 15, 2018 through October 17, 2018, which covered two separate vehicles.

14. The policy was in full force and effect on May 10, 2018 and having underinsured motorist limits in the amount of $500,000/$500,000 per person/per accident.

15. Under the terms and conditions of said policy of insurance, Defendant Farmers agreed to pay for damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle for bodily injury from an automobile accident where the limit for bodily injury is less than the amount needed to compensate the covered person for damages from bodily injury.

16. Defendant Farmers accepted and retained premium payments for insurance coverage on the vehicle driven by Plaintiff when Darrel Couch struck the Plaintiff's vehicle, for the coverage described in paragraphs 14 and 15.

17. In accordance with the terms and conditions of the aforementioned policy of insurance, Plaintiff submitted his claim to Defendant Farmers for loss pursuant to said underinsured motorist coverage.

18. Plaintiff fully complied with all the provisions of the aforementioned policy of insurance.

19. All conditions precedent to bringing this action have been satisfied or Farmers has waived them.

20. Although duly demanded, Defendant Farmers has failed and refused to pay Plaintiff the benefits he is entitled to receive under the aforementioned policy of insurance.

21. The settlement entered into by Plaintiff with Darrel Couch's insurer was permitted by and/or consented to by Defendant Farmers, which waived its right for subrogation against State Farm Mutual Automobile Insurance Company.

22. Plaintiff's claim against Defendant is for insurance policy benefits, and the allegations of negligence against Darrel Couch are made only because the contract of insurance requires pleading such claims as a condition for recovery on the contract of insurance.

WHEREFORE, Plaintiff prays for judgment against Defendant Farmers Insurance Company, Inc., in Count I, in an amount in excess of Twenty-Five Thousand Dollars that will fairly and reasonably compensate him for his injuries, for the losses he sustained and will sustain in the future, for the pain and suffering he has sustained and will sustain in the future, for the costs of these proceedings and for such other and further relief as the Court deems just and equitable.

**COUNT II – STATUTORY RELIEF – VEXATIOUS REFUSAL TO PAY**

COMES NOW Plaintiff, William Braddum, through counsel, and for his cause of action in accordance with RSMo. §§ 375.296 and 375.420, under Count II, against Defendant Farmers Insurance Company, Inc., states:

4

23. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 22 of this Petition as if fully set out herein.

24. The insurance premiums on the above-mentioned policy with Defendant Farmers were paid as required by the contract.

25. Plaintiff's losses, as set forth in Count I of this Petition, are insured under the policy with Defendant Farmers.

26. Plaintiff has given notice and proof as required by the policy with Defendant Farmers.

27. Plaintiff has suffered damages as the result of Defendant's actions, as set forth in Count I of this Petition.

28. Plaintiff in all respects complied with the terms and conditions of the policy of insurance provided by Defendant and Plaintiff has furnished to Defendant due notice, proof of loss, and has demanded payment of benefits due under the insurance policy.

29. Defendant has failed and refused to pay, and still refuses to pay Plaintiff the amounts due under the terms of the insurance policy.

30. Defendant's refusal to pay the amounts due and owing Plaintiff under the terms of the insurance policy was, and is vexatious, and without reasonable cause or excuse; Plaintiff is therefore entitled to damages of twenty percent (20%) of the first One Thousand Five Hundred Dollars ($1,500.00) due and owing to Plaintiff, and ten percent (10%) of the remaining amount due and owing to Plaintiff, plus a reasonable attorney's fee.

WHEREFORE Plaintiff prays for judgment against Defendant Farmers Insurance Company, Inc. under Count II in the amount over $25,000, and for such other and further relief the Court may deem proper.

Electronically Filed - St Louis County - March 21, 2023 - 12:42 PM

MUCHNICK HABER MARGOLIS, LC

By:  /s/ Joshua D. Margolis
JOSHUA D. MARGOLIS, #56041
JOANNA L. BYRNE, #66989
*Attorneys for Plaintiff*
8151 Clayton Road, Suite 201
St. Louis, Missouri 63117
(314) 725-5050 (telephone)
(314) 726-2042 (facsimile)
josh@mhmlegal.com
joanna@mhmlegal.com